107 F.3d 4
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Jose SANTIAGO, Petitioner-Appellant,
v.
Thomas A. COUGHLIN, III, Commissioner, New York State
Department of Correctional Services; John P.
Keane, Superintendent, Tappan
Correctional Facility,
Respondents-Appellees.
 No. 96-2229.
 United States Court of Appeals, Second Circuit.
 Jan. 8, 1997.
 
 APPEARING FOR APPELLANT: Malvina Nathanson, Prisons Legal Services, New York, N.Y.
 APPEARING FOR APPELLEES: Jaqueline Linares, Asst. Dist. Atty. Brooklyn, N.Y.
 Before NEWMAN, Chief Judge, and FEINBERG and McLAUGHLIN, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Jose Santiago appeals from the March 8, 1996, judgment of the District Court denying his petition for a writ of habeas corpus. His sole contention is that the state appellate court violated his due process right to a meaningful appeal when it denied his request to reconstruct portions of pretrial and trial transcripts that have been inadvertently but irretrievably lost. Specifically, Santiago contends that if he had been provided with the lost transcripts or allowed a hearing to reconstruct the events that occurred during the proceedings recorded in these pages, he would have been able to challenge on direct appeal the state trial court's denial of a severance motion and its denial of a motion for a competency hearing.
 
 
 4
 In order to prevail on his habeas claim that the Appellate Division infringed upon his right to a fair appeal, Santiago "must show prejudice resulting from the missing or incomplete transcript." Godfrey v. Irvin, 871 F.Supp. 577, 584 (W.D.N.Y.1994); see United States ex rel. Cadogan v. LaVallee, 428 F.2d 165, 167 (2d Cir.1970); United States ex rel. Hunter v. Follette, 307 F.Supp. 1023, 1025 (S.D.N.Y.), aff'd, 420 F.2d 779 (2d Cir.1969). Because Santiago has failed to identify any appealable issue with respect to the missing minutes, he has not established that he was prejudiced by the state appellate court's denial of a reconstruction hearing.
 
 
 5
 1. Santiago asserts that the missing transcripts contain crucial information concerning the trial court's denial of his pre-trial severance motion. The motion was motivated solely by Santiago's desire to call co-defendant Orengo as an exculpating witness. Santiago contends that if he had had access to the lost transcripts, or to their reconstructed equivalent, he would have been able to raise a colorable appellate claim that the trial judge erred in denying the severance motion.
 
 
 6
 Although the defendants were ultimately tried together, co-defendant Orengo testified at the joint trial. While his testimony did not, as Santiago expected, exculpate Santiago, the fact that Orengo took the stand and was available for cross-examination by Santiago's trial counsel sufficiently served Santiago's purpose for requesting a severance. Therefore, the Appellate Division, which considered the reconstruction motion together with the merits of the appeal, was justified in concluding that because Orengo testified and because his testimony did not provide anything useful to Santiago, the denial of the severance motion, even if erroneous, caused no prejudice warranting a reversal. There was thus no need to reconstruct what occurred at the hearing resulting in the denial of Santiago's severance motion.
 
 
 7
 2. As to the trial court's denial of his request for a competency hearing, Santiago has failed to present " 'some modicum of evidence to support' " his claim that "the missing portions of the transcript reflect reversible error." Godfrey, 871 F.Supp. at 584 (citation omitted). Although he alleges that his trial attorney made a motion for a competency hearing, Santiago makes no reference to the recollections of his trial counsel, the prosecutor, the trial judge, or the parole officer concerning the existence of such a motion. Moreover, although Santiago claims that he received psychiatric treatment, he fails to present any documentation supporting this claim and, more significantly, fails even to allege that he was unable to understand or participate in the legal proceedings against him. His perfunctory assertion that there might possibly be an appealable issue concerning the denial of his competency motion in the missing transcripts is insufficient to satisfy the requisite showing of prejudice. See id. ("Speculation that the missing portions of the transcript reflect reversible error is not enough."). Santiago has failed to demonstrate that his right to a fair appeal was infringed by the Appellate Division's denial of his request for a reconstruction hearing.